```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SCOTT OLYER,

                        Plaintiff,              05-CV-6599T

             v.                                 DECISION
                                                and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Scott Olyer ("Olyer"), proceeding pro se, brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability and supplemental income security benefits. Specifically, Olyer alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was either erroneous because it was not supported by the substantial evidence contained in the record, or was contrary to law.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Olyer has not opposed the defendant's motion.

## BACKGROUND

On December 28, 2001, plaintiff Scott Olyer, then aged 42 years old, applied for Social Security disability and supplemental income security benefits claiming that he had become unable to work as of July 1, 1999 because of several disabling conditions

including: depression, bipolar disorder, a learning disability, Hepatitis C, low back pain, shoulder problems, and a dislocated collar bone.  Olyer was denied benefits on April 15, 2002, and thereafter requested an administrative hearing which, after some delay, was held on July 22, 2004.  Plaintiff was not represented at the hearing.

On the basis of the hearing and the medical record, by decision dated August 30, 2004, the ALJ found that although Olyer suffered from disabling depression and low cognitive ability, those conditions resulted from uncontrolled cocaine and alcohol abuse and dependency, and therefore, plaintiff is not entitled to disability or supplemental security benefits.  Thereafter, Olyer's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on November 10, 2005, plaintiff filed this action.

## DISCUSSION

### I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the

Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

    II.   <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.</u>

The ALJ made the determination based on the evidence before him that although plaintiff suffers from depression and low

cognitive ability, those conditions are the result of plaintiff's uncontrolled alcohol and cocaine abuse and dependency. The record supports this finding. Plaintiff admitted during his administrative hearing that he continued to use and abuse cocaine and alcohol, (Administrative Transcript at p. 35) and that admission is corroborated by the medical evidence. Further, there is substantial evidence in the record to support the ALJ's conclusion that plaintiff's uncontrolled use of drugs and alcohol has resulted in his low cognitive ability and depression. Pursuant to the Social Security Act, an application for Social Security benefits will be denied if the applicant's drug or alcohol addiction is "a contributing factor" to the applicant's disability. 42 U.S.C. ss 423(d)(2)(c) and 1382c(a)(3(J). Because the evidence in the record supports the ALJ's findings that plaintiff's cocaine and alcohol conditions are contributing factors, if not the main cause of plaintiff's disability, I affirm the Commissioner's determination denying plaintiff's application for benefits.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         December 5, 2006